UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

FRANCIS THOMAS,
    Plaintiff,

-vs-

ANDY AUTO SALES, INC.,
ANDY EL-SHARRAK, and
MID-ATLANTIC FINANCE CO., INC.,
    Defendants.

Case No.
Hon.
**DEMAND FOR JURY TRIAL**

## COMPLAINT & JURY DEMAND

*Francis Thomas states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

2. This court has jurisdiction under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* and 28 U.S.C. §§ 1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts that give rise to the federal law claims under 28 U.S.C. § 1367. All claims and allegations in this complaint arise out of the same transaction relating to the purchase of a vehicle on November 13, 2014 by Francis Thomas.

### Parties

4. The Plaintiff to this suit is Francis Thomas, who resides in Macomb County, Michigan.

5. The Defendants to this lawsuit are as follows:

   a. Andy Auto Sales, Inc. ("Andy Auto Sales"), which is a corporation doing business in Michigan at 21314 Van Dyke Avenue, Warren, MI 48089, and which by statute

        and condition of licensing, may be served through the Michigan Department of State, Compliance Division, 3rd Floor – Treasury Building, 430 W. Allegan Street, Lansing, MI 48918.

    b.    Andy El-Sharrak, who is the owner of Andy Auto Sales, Inc.

    c.    Mid-Atlantic Finance Co., Inc. ("Mid-Atlantic"), which is a corporation doing business in Michigan.

## Venue

6. The transactions and occurrences that give rise to this action occurred in Macomb County, Michigan.

7. Mr. Thomas is a resident of Macomb County, Michigan.

8. Venue is proper in the Eastern District of Michigan.

## General Allegations

9. On or about November 10, 2014, Mr. Thomas went to Andy Auto Sales for the purpose of purchasing a vehicle.

10. Andy Auto Sales requested that Mr. Thomas provide information to complete a credit application.

11. Mr. Thomas provided all information requested by Andy Auto Sales to complete that credit application accurately and truthfully.

12. Andy Auto Sales approved Mr. Thomas for credit and informed him that he could purchase the vehicle on credit.

13. Andy Auto Sales required Mr. Thomas to make a $2,000 down payment as part of the purchase transaction for the vehicle.

14. On or about November 13, 2014, Mr. Thomas returned to Andy Auto Sales to purchase the vehicle with the required $2,000 down payment.

15. Andy Auto Sales prepared all the documents necessary to sell the vehicle to Mr. Thomas.

16. Those documents included a retail installment sales contract identifying Andy Auto Sales as the creditor in the transaction.

17. That retail installment sales contract required Mr. Thomas to make monthly payments to Andy Auto Sales.

18. Mr. Thomas executed a purchase agreement with Andy Auto Sales for the 2004 BMW 745, VIN: WBAGL63584DP73195 ("the vehicle") and the retail installment sales contract.

19. Mr. Thomas tendered $2,000 as a down payment toward the purchase of the vehicle.

20. Andy Auto Sales presented the purchase documents identifying itself as the installment seller and creditor of the transaction with Mr. Thomas for the vehicle.

21. Andy Auto Sales identified Mid-Atlantic as the assignee of Mr. Thomas' retail installment sale contract and the first secured interest on the Michigan Department of State form RD-108.

22. Mr. Thomas secured insurance for the vehicle and provided proof of that insurance to Andy Auto Sales.

23. Andy Auto Sales provided Mr. Thomas with a receipt for the $2,000 down payment.

24. Andy Auto Sales delivered the keys to Mr. Thomas.

25. Mr. Thomas left with the car.

26. At that time, Mr. Thomas owned the car.

27. Approximately three weeks later, Mr. Thomas returned the vehicle to Andy Auto Sales to

have replacement parts (which Mr. Thomas purchased) installed in the vehicle.

28. While the vehicle was in the possession of Andy Auto Sales, Mr. El-Sharrak informed Mr. Thomas that the financing for the purchase of the vehicle was not approved.

29. At that time, Mr. El-Sharrak demanded that Mr. Thomas surrender the keys to the vehicle.

30. Mr. Thomas surrendered the keys to the vehicle in response to Mr. El-Sharrak's demand.

31. Andy Auto Sales and Mr. El-Sharrak refused to return the vehicle to Mr. Thomas and kept it from him without his consent, even though he had not breached his contract.

32. Andy Auto Sales retained the down payment for the vehicle.

33. Andy Auto Sales has provided no notice of breach.

34. To date, Andy Auto Sales has not returned the $2,000 down payment to Mr. Thomas.

## **COUNT I – Truth In Lending Act (Andy Auto Sales)**

35. Mr. Thomas incorporates the preceding allegations by reference.

36. At all relevant times, Andy Auto Sales -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be, imposed or which, by written agreement, is payable in more than four installments and is the entity to whom the transaction that is the subject of this action was initially payable and is a "creditor" under TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

37. Andy Auto Sales holds a license as a retail instalment seller of motor vehicles under M.C.L. § 492.101 *et seq.*

38. Andy Auto Sales identifies itself as a creditor for every credit transaction that it executes a retail installment sales contract with a customer.

39. The TILA disclosures provided by Andy Auto Sales failed to disclose that it would retake

the vehicle if it could not find a willing assignee.

40. This undisclosed term operated as a "Demand Feature" for purposes of the TILA.

41. The TILA required Andy Auto Sales to disclose any demand feature along with the other segregated disclosures.

42. Andy Auto Sales violated the TILA by failing to disclose this Demand Feature.

43. Andy Auto Sales's failure to disclose that it would retake the vehicle if it could not find a willing assignee rendered the TILA disclosures provided by Andy Auto Sales to be illusory and not "meaningful" for purposes of the TILA.

44. Andy Auto Sales failed to disclose terms which it deemed to be operative and therefore rendered the operative disclosures unmeaningful and misleading.

45. Mr. Thomas suffered damages as a result of this violation of the TILA.

### COUNT II – Equal Credit Opportunity Act (Andy Auto Sales)

46. Mr. Thomas incorporates the preceding allegations by reference.

47. Andy Auto Sales is a creditor for purposes of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.

48. Mr. Thomas submitted a credit application to Andy Auto Sales for the purchase of the vehicle.

49. Andy Auto Sales was required under ECOA to take action on Mr. Thomas' credit application within thirty days.

50. Andy Auto Sales initially informed Mr. Thomas that his credit application had been approved.

51. At the time that Andy Auto Sales informed Mr. Thomas that his credit application was

approved, Andy Auto Sales knew that the credit application had not been finally acted upon, and that Andy Auto Sales would treat the approval as conditional.

52. Andy Auto Sales later revoked the approval.

53. The initial credit approval by Andy Auto Sales was false and Andy Auto Sales knew the notice to be false at the time it was issued.

54. The false credit approval by Andy Auto Sales was in violation of the ECOA.

55. Mr. Thomas suffered damages as a result of this violation of the ECOA.

### COUNT III – Equal Credit Opportunity Act (Mid-Atlantic)

56. Mr. Thomas incorporates the preceding allegations by reference.

57. Mr. Thomas submitted a credit application to Mid-Atlantic relating to the purchase of the vehicle.

58. Mid-Atlantic was required under ECOA to take action on Mr. Thomas' credit application within thirty days.

59. Alternatively,

    a. Mid-Atlantic sent an adverse action notice thirty-two days after Mr. Thomas submitted his credit application, in violation of the ECOA.

60. Or,

    a. Mid-Atlantic initially approved Mr. Thomas' credit application.

    b. Mid-Atlantic later revoked the approval.

    c. The initial credit approval by Mid-Atlantic was false and Mid-Atlantic knew the notice to be false at the time it was issued.

    d. The false credit approval by Mid-Atlantic was in violation of the ECOA.

61. Or,

    a. Mid-Atlantic denied credit to Mr. Thomas,

    b. Mid-Atlantic failed to send a timely adverse action notice to Mr. Thomas.

62. Or,

    a. Mid-Atlantic denied credit on the terms requested, and instead issued a counter offer which included additional conditions or "stipulations."

    b. Mid-Atlantic failed to communicate its complete counter offer to Mr. Thomas.

    c. When Mr. Thomas did not accept the counter offer, Mid-Atlantic failed to issue a timely adverse action notice to Mr. Thomas.

63. Mr. Thomas suffered damages as a result of these violations of the ECOA.

## COUNT IV – Statutory Conversion (Andy Auto Sales)

64. Mr. Thomas incorporates the preceding allegations by reference.

65. After obtaining Mr. Thomas' signature on all documents necessary to convey title and complete the financing of the vehicle, Andy Auto Sales delivered the vehicle to Mr. Thomas.

66. Andy Auto Sales demanded that Mr. Thomas return the vehicle to Andy Auto Sales and took the vehicle from Mr. Thomas.

67. Andy Auto Sales had no right to possess the vehicle.

68. Andy Auto Sales was not acting on behalf of any individual or entity with the right to possess the vehicle.

69. Andy Auto Sales illegally retook possession of the vehicle without the permission of Mr. Thomas or other legal authorization.

70. Andy Auto Sales's actions in taking possession of the vehicle was willful or intentional and

in derogation of the contract of sale.

71. These acts constitute a willful or intentional conversion under M.C.L. § 600.2919a.

72. Mr. Thomas suffered damages as a result of this violation of M.C.L. § 600.2919a.

### COUNT V – Statutory Conversion (Andy El-Sharrak)

73. Mr. Thomas incorporates the preceding allegations by reference.

74. Mr. El-Sharrak took the vehicle from Mr. Thomas.

75. Mr. El-Sharrak had no right to possess the vehicle.

76. Mr. El-Sharrak was not acting on behalf of any individual or entity with the right to possess the vehicle.

77. Mr. El-Sharrak illegally retook possession without the permission of Mr. Thomas or other legal authorization.

78. Mr. El-Sharrak's actions in taking possession of the vehicle was willful or intentional and in derogation of the contract of sale.

79. These acts constitute a willful or intentional conversion under M.C.L. § 600.2919a.

80. Mr. Thomas suffered damages as a result of this violation of M.C.L. § 600.2919a.

### COUNT VI – Common Law Conversion (Andy Auto Sales)

81. Mr. Thomas incorporates the preceding allegations by reference.

82. Andy Auto Sales has converted the vehicle.

83. Mr. Thomas suffered damages as a result of this conversion.

### COUNT VII - Motor Vehicle Sales Finance Act (Andy Auto Sales)

84. Mr. Thomas incorporates the preceding allegations by reference.

85. This claim is brought under the Motor Vehicle Sales Finance Act ("MVSFA"), M.C.L. §

492.101 *et seq*.

86. Andy Auto Sales failed to properly include in the retail installment contract each and every material term of the installment sale and omitted the single most relevant term -- namely, whether the deal was final or conditional, in violation of M.C.L. § 492 112(a).

87. Andy Auto Sales retained the down payment in violation of the MVSFA.

88. Mr. Thomas suffered damages as a result of this violation of the MVSFA.

### COUNT VIII – UCC Article 9 (Andy Auto Sales)

89. Mr. Thomas incorporates the preceding allegations by reference.

90. This claim is brought under Article 9 of the revised Uniform Commercial Code, M.C.L. § 440.9101 *et seq*.

91. Andy Auto Sales effected this repossession wrongfully and without legal right.

92. As a result of this wrongful repossession, Andy Auto Sales was proceeded in violation of Article 9 of the UCC, M.C.L. § 440.9609.

93. Andy Auto Sales failed to send a proper notice of intent to dispose of the property to Mr. Thomas.

94. The failure to send this notice constituted a violation of Article 9 of the UCC, M.C.L. § 440.9611.

95. Mr. Thomas suffered the damages as a result of these violations of Article 9 of the UCC.

### COUNT IX – Motor Vehicle Installment Sales Contract Act (Andy Auto Sales)

96. Mr. Thomas incorporates the preceding allegations by reference.

97. This claim is brought under the Motor Vehicle Installment Sales Contract Act, M.C.L. § 566.301 *et seq*, which will be referred to as the MVISCA throughout the remainder of this

complaint.

98. Andy Auto Sales failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq.*; namely, the conditional nature of the transaction.

99. Mr. Thomas suffered damages as a result of this violation of the MVISCA.

### COUNT X – Breach of Contract (Andy Auto Sales)

100. Mr. Thomas incorporates the preceding allegations by reference.

101. Andy Auto Sales repudiated the contract.

102. Mr. Thomas has suffered damages as a result of this breach of contract.

### COUNT XI – Breach of Warranty of Title (Andy Auto Sales)

103. Mr. Thomas incorporates the preceding allegations by reference.

104. Andy Auto Sales has breached its warranty of title by retaking the vehicle.

105. Mr. Thomas has suffered damages as a result of these breaches of warranty.

### JURY DEMAND

106. Francis Thomas demands a jury trial in this case.

### REQUEST FOR RELIEF

107. Plaintiff requests that this Honorable Court grant the following relief:

   a.   *Assume jurisdiction over this case including all supplemental claims.*

   b.   *Actual damages for items including emotional distress, mental aguish, frustration, humiliation, and embarrassment.*

   c.   *Award statutory and punitive damages.*

   d.   *Award statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC


By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney For Francis Thomas
24500 Northwestern Highway, Suite 206
Southfield, Michigan 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: February 25, 2015